**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4400**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD TIBERIO ARMSTRONG,

Defendant - Appellant.

**No. 19-4401**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD TIBERIO ARMSTRONG,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:08-cr-00186-NCT-1; 1:17-cr-00447-NCT-1)

Submitted:  July 29, 2021                    Decided:  August 11, 2021

Before WILKINSON and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Jamie L. Vavonese, VAVONESE LAW FIRM, PC, Raleigh, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Tiberio Armstrong pled guilty, pursuant to a written plea agreement, to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). The district court also revoked Armstrong's term of supervised release. The court imposed the statutory maximum of 120 months' imprisonment for the firearm offense and a 37-month consecutive term of imprisonment for the revocation sentence, resulting in a total of 157 months' imprisonment, followed by 6 years of supervised release. In these consolidated appeals, Armstrong's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district adequately justified either of Armstrong's sentences. In his pro se supplemental brief, Armstrong also claims that his guilty plea was unsupported by a sufficient factual basis.

We first address whether Armstrong's guilty plea was knowing and voluntary. Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty, and the rights the defendant is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Armstrong withdrew his motion to withdraw his guilty plea before the district court ruled on it, we review the adequacy of the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014).

3

Our review of the record reveals that the district court complied with the requirements of Rule 11 and that Armstrong's plea was knowingly and voluntarily entered and supported by a factual basis. The court advised Armstrong regarding the nature of the charges against him and the associated penalties, and informed Armstrong of his right to plead not guilty, his right to a jury trial, and his rights associated with a trial, including the rights to testify, to summon witnesses, to confront and cross-examine the Government's witnesses, and to not be compelled to incriminate himself. Armstrong understood that he was waiving his trial rights by pleading guilty. The court confirmed that Armstrong had discussed the plea agreement with counsel, that he was satisfied with his legal representation, and that his guilty plea was not based on force, threats, or any promises not contained in the plea agreement. Finally, Armstrong affirmed the factual basis for his plea and that he was entering his guilty plea voluntarily and, thus, we reject his pro se contention that his guilty plea lacked a factual basis. See Fields v. Att'y Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). Accordingly, we find that Armstrong's guilty plea is valid.

In No. 19-4401, we review Armstrong's sentence for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, or failing to adequately explain the sentence. *Id.* at 51. If the sentence is free of "significant

4

procedural error," we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

In No. 19-4400, we "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). To determine whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (alteration and internal quotation marks omitted). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1252 (2021); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

5

We have reviewed the record and conclude that the district court correctly calculated both Armstrong's advisory Guidelines range as well as his policy statement range, afforded him an opportunity to argue for an appropriate sentence, and considered the relevant § 3553(a) factors in arriving at his sentences. Nothing in the record rebuts the presumption of reasonableness accorded to Armstrong's sentence in No. 19-4401 and we find the revocation sentence substantively reasonable. *Coston*, 964 F.3d at 297.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious issues for appeal. Accordingly, we affirm the judgments of the district court. This court requires that counsel inform Armstrong, in writing, of the right to petition the Supreme Court of the United States for further review. If Armstrong requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Armstrong.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*